IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD P. ABBOTT, MARY L. ABBOTT,

        Plaintiffs,                      15cv0331
                                                  **ELECTRONICALLY FILED**
        v.

THE BOEING COMPANY, ET AL.,

        Defendants.

## MEMORANDUM ORDER OF COURT RE: PLAINTIFFS' MOTION TO ABSTAIN AND REMAND (DOC. NO. 13)

### I.    Introduction

This case centers on Plaintiff Ronald P. Abbott and his alleged exposure to asbestos through the negligence of his former employer, US Airways, Inc. ("US Airways"), and other businesses that allegedly manufactured, sold, supplied and/or used asbestos-containing products and the loss of consortium allegedly suffered by his wife, Plaintiff Mary L. Abbott. Doc. No. 1-8. Plaintiffs also advance claims against insurance provider, Metropolitan Life. Id. Plaintiffs initiated their lawsuit by filing a complaint in the Court of Common Pleas of Allegheny County on February 2, 2015. Id.

On March 9, 2015, Defendant US Airways filed a Notice of Removal from the Court of Common Pleas of Allegheny County, case number Gd15-1794, pursuant to 28 U.S.C. §§ 1334, 1446, and 1452. Doc. No. 1. US Airways' Notice indicated that the nine co-Defendants, who had been served and/or appeared in this action at that time, had provided written consent to the removal of Plaintiffs' lawsuit. Doc. No. 1, ¶ 11. Plaintiffs filed a Motion to Abstain and Remand on March 17, 2015, alleging that removal was not proper. Doc. No. 13. The Court held a Status Conference on March 19, 2015. Doc. No. 23. As ordered, Counsel for the Parties were

either personally present at the conference, or participated via telephone. Id. During this hearing, Counsel presented brief argument on the appropriateness of subject-matter jurisdiction in this District Court. Id. Following consultation outside of the Court's presence, all Defendants, except for US Airways, orally withdrew their participation in the Notice of Removal and consented to the remand of this matter to the Court of Common Pleas of Allegheny County. Id.

Since that time, US Airways has filed a Response in Opposition to Plaintiffs' Motion to Remand and Plaintiffs have replied to this Response. Doc. Nos. 26 and 27. Therefore, the matter is fully ripe and ready for disposition. For the following reasons, Plaintiffs' Motion to Abstain and Remand (Doc. No. 13) will be GRANTED, to the extent that Plaintiffs move this Court to find that it lacks federal jurisdiction.

## II. Standard of Review

Federal courts are presumed not to have jurisdiction unless it is affirmatively established by the record. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3, (2006). Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Steel Valley Author. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 n. 6 (3d Cir. 1987). All doubts as to substantive and procedural jurisdiction prerequisites must be resolved in favor of remand. *Abels*, 770 F.2d at 29. The removing Defendant bears the heavy burden of persuading the Court, to which the state action was removed, that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

### III. Discussion

US Airways removed this case pursuant to 28 U.S.C. § 1334 and contends that Plaintiffs' lawsuit is a core bankruptcy proceeding or is related to its 2002 bankruptcy and, as such, the Court is an appropriate forum to preside over the dispute. Doc. No. 1. Plaintiffs' claims center on Ronald Abbott's employment by US Airways from 1964 to 2000 (with a two-year gap) at Pittsburgh International Airport and are premised on the Pennsylvania Supreme Court case of *Tooey v. AK Steel Corp.*, 81 A.3d 851 (Pa. 2013). Doc. No. 1-8, ¶ 20. There is no dispute that US Airways entered into bankruptcy in 2002 and that bankruptcy closed on December 12, 2005. Doc. No. 1, ¶ 3, Doc. No. 13, ¶ 4. Plaintiffs move this Court to affect a return to the Court of Common Pleas of Allegheny County by: (1) finding that the Court lacks subject-matter jurisdiction; (2) abstaining from hearing the matter pursuant to 28 U.S.C. § 1334(c)(2) if the Court finds there is jurisdiction; or (3) finding that US Airways' Notice of Removal is fatally defective because US Airways did not file a Rule 7.1 Corporate Disclosure Statement. Doc. Nos. 13 and 25. The Court will first address whether there is appropriate subject-matter jurisdiction, because it is a dispositive issue.

28 U.S.C. § 1334(b) provides that District Courts shall have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Id. at (a)-(b). US Airways contends that Plaintiffs' claims arise under or in title 11 and/or are related to its bankruptcy proceedings and related orders from the United States Bankruptcy Court for the Eastern District of Virginia. Doc. No. 26. As previously noted, US Airways bears the burden of proving federal jurisdiction, and if there is any doubt as to whether federal jurisdiction exists, the Court should appropriately remand this matter. *Boyer*, 913 F.2d at 111.

The Parties fundamentally disagree whether, and in what respect, Plaintiffs' claims implicate US Airways' bankruptcy, in part because they dispute when the claims accrued. The following timeline is relevant to this matter:

- Ronald Abbott was employed by US Airways from 1964 to 1969 and then from 1971 to 2000;
- US Airways entered into bankruptcy in 2002;
- Bankruptcy closed on December 12, 2005; and
- Ronald Abbott was diagnosed with mesothelioma in November of 2014.

US Airways contends that Ronald Abbott's alleged exposure to asbestos occurred during his employment and, as such, Plaintiffs' claims should be deemed to have arisen prior to the last day of his employment in 2000, not when he was diagnosed with mesothelioma in 2014. Therefore, US Airways contends that Plaintiffs' "pre-petition" asbestos claims against it were discharged in bankruptcy. As noted by Plaintiffs, this substantive inquiry is misplaced because it does not have a bearing on the threshold issue of whether federal subject-matter jurisdiction is appropriate. To this end, US Airways further argues that any other Court action on Plaintiffs' claims would require interpretation of and could conceivably affect the interpretation of the Bankruptcy Court's Confirmation Orders and Confirmed Plans, which makes subject-matter jurisdiction appropriate.

The Court finds that US Airways has not demonstrated that Plaintiffs' claims "arise under," "arise in," or relate to US Airways' bankruptcy or bankruptcy law. First, Plaintiffs' claims do not arise under title 11. US Airways contends that this matter arises under title 11 because Plaintiffs' claims should be deemed discharged because of its bankruptcy. As noted by the Parties, Plaintiffs' claims center on Ronald Abbott's alleged exposure to asbestos caused by Defendants' negligence, based upon rulings of the Courts of the Commonwealth of Pennsylvania. The inquiry as to whether claims arise under title 11 must focus on the Plaintiffs'

4

claims and causes of actions, rather than the claims or defenses of any Defendant. A finding that Plaintiffs' claims arise under bankruptcy law because of US Airways' bankruptcy filing, which occurred between Ronald Abbott's alleged exposure to asbestos and his diagnosis of mesothelioma 14 years later, would be based upon too tenuous a link. In other words, the Bankruptcy Code neither creates Plaintiffs' causes of action nor provides the substantive right invoked. *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006), citing *Halper v. Halper*, 164 F.3d 830, 836, 836-37 N. 7 (3d Cir. 2007). As noted by Plaintiffs, US Airways' intention to argue that it has the right to have liability of these claims discharged because of its bankruptcy is insufficient to find that Plaintiffs' claims "arise under" the Bankruptcy Code. Doc. No. 27, 4, citing *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006).

Secondly, Plaintiffs' claims do not "arise in" bankruptcy. As noted by the United States Court of Appeals for the Third Circuit, the category of proceedings "arising in" bankruptcy cases "includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens." *Stoe*, 436 F.3d at 216, citing 1 *Collier on Bankruptcy* § 3.01[4][c][iv] at 3–31 (quotations and footnotes omitted). Claims that "arise in" bankruptcy are those that by their nature, not their particular factual circumstances, could only arise in the context of a bankruptcy case. *Stoe*, 436 F.3d at 218. This is not the case here. Plaintiffs' claims exist wholly independently from US Airways' bankruptcy because they are based upon alleged negligence and other state-law matters. The mere existence US Airways' prior and completed bankruptcy proceeding does not convert Plaintiffs' claims into those arising in bankruptcy.

Finally, Plaintiffs' non-core claims are not related to US Airways' bankruptcy. The applicable test to determine whether Plaintiffs' claims relate to US Airways' bankruptcy, when

5

the matters occurred after the bankruptcy case, is: "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." *In re: Resorts Intern., Inc. v. Price Waterhouse & Co., LLP*, 372 F.3d 154, 168-69 (Fed. Cir. 2004). Here, the only relationship between Plaintiffs' claims and US Airways' bankruptcy is that US Airways filed for bankruptcy several years after Ronald Abbott's last day of employment; this bankruptcy closed almost a decade before he was diagnosed with mesothelioma. US Airways has failed to demonstrate that Plaintiffs' claims would affect its prior bankruptcy. This is especially true where, as here, the bankruptcy plan has been implemented, executed, and administrated and there is no bankruptcy estate. *See In re Resorts Intern., Inc.*, 372 F.3d at 165.

Even utilizing the more lenient "conceivably have any effect" test employed by US Airways in its briefing, which applies to claims during an active bankruptcy, the Court finds that Plaintiffs' claims do not and cannot affect US Airways' bankruptcy or its prior implementation. Doc. No. 26, 6, citing *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). This finding comports with the United States Court of Appeals for the Third Circuit's notation that "related to" jurisdiction is limited. The Supreme Court of the United States endorsed *Pacor's* conceivability standard with the caveats that "related to" jurisdiction "cannot be limitless," and that the critical component of the *Pacor* test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012), citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 & n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403

(1995). Whereas here, the Court has doubts that Plaintiffs' claims could affect US Airways' bankruptcy, in any conceivable way, the Court finds that Plaintiffs' claims do not relate to US Airways' bankruptcy.

In sum, Plaintiffs' claims exist wholly apart from US Airways' bankruptcy and are not intertwined with the Bankruptcy Code or the specifics of US Airways' bankruptcy. Therefore, the Court finds that there is no subject-matter jurisdiction as to Plaintiffs' state-law based asbestos claims in this forum because such claims do not arise under, arise in, or relate to US Airways' bankruptcy. It is not necessary to reach Plaintiffs' alternative grounds for relief from Defendants' Notice of Removal. As such, the following Order is entered:

**IV. Order**

AND NOW, this 31st day of March, 2015, IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Abstain and Remand (Doc. No. 13) is **GRANTED**, to the extent that Plaintiffs move this Court to find that it lacks federal jurisdiction.

The case shall be **REMANDED** to the Court of Common Pleas of Allegheny County forthwith. The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties